IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01774-BNB

EYOEL DAWIT MATIOS, Authorized Representative for
EYOEL DAWIT MATIOS©,

    Plaintiff,

v.

LARIMER COUNTY JUSTICE CENTER,
SHERLY K. SAMPSON, Clerk of the Court,
STUART A. VANMEVEREN, Prosecuting Attorney,
J. ANDREW TAYLOR #28855, Prosecuting Attorney, and
TERENCE A. GILMORE, Prosecuting Judge,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 27 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Eyoel Dawit Matios, initiated this action by filing a *pro se* Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On July 27, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action, and ordered Mr. Matios to cure certain deficiencies. Specifically, he directed Mr. Matios to submit a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved form, which Mr. Matios filed on August 6, 2010.

On August 10, 2010, Magistrate Judge Boland granted Mr. Matios leave to proceed pursuant to 28 U.S.C. § 1915, and directed him to pay an initial partial filing fee of $9.00, or show cause why he could not, within thirty days. On August 18, 2010, Mr.

Matios filed a Notice of Change of Address with the Court, indicating that he had been released on probation and was no longer incarcerated. Therefore, on August 20, 2010, Magistrate Judge Boland directed Mr. Matios to file an Amended Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the form used by non-prisoners. Mr. Matios filed an Amended Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on August 24, 2010, and he was granted leave to proceed *in forma pauperis* by order dated September 21, 2010.

Mr. Matios has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Matios is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

In the Amended Complaint, which is verbose and generally unintelligible, Mr. Matios asserts jurisdiction pursuant to "28 U.S.C. § 1333, § 1337, § 2461 and

§ 2463 within the Admiralty." Amended Complaint at 3. As background for the case, he alleges that he "is a living principal who autographs instruments & operates in capacity of being the authorized representative, secured party/creditor, & attorney-in-fact for EYOEL DAWIT MATIOS ©, prisoner/DOC #115552 (Libelant), is appearing specially (under necessity) . . . restricted appearance in the original, in the alternative, as a matter of right & enters this Notice of International Commercial Claim within the Admiralty." Amended Complaint at 3. He further asserts that all named Defendants have "held [him] in prison since January 19th, of 2002 to pay for a debt that was allegedly owed by EYOEL DAWIT MATIOS (libelant) to Larimer County Justice Center in account/charge/case # 02CR82." *Id.* As relief, he seeks forty million dollars, discharge from the custody of the Colorado Department of Corrections and expungement of his criminal record with regard to criminal case no. 02CR82. *Id.* at 7-8.

A complaint is frivolous under § 1915 if it "lacks an arguable basis either in law or fact." **Neitzke**, 490 U.S. at 325. However, the Court may not dismiss a claim as frivolous just because it would be dismissed under Rule 12(b)(6), *id.* at 328, or because it finds the plaintiff's factual allegations to be "unlikely." **Denton v. Hernandez**, 504 U.S. 25, 33 (1992). Instead, it must be the kind of suit that "paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." **Neitzke**, 490 U.S. at 327. A legally frivolous claim rests on "an indisputably meritless legal theory," such as a claim that a non-existent legal interest has been infringed. *Id.* In addition, a claim is factually frivolous if it depicts "fantastic or delusional scenarios," *id.* at 328,

3

or where "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court finds that Mr. Matios' apparent challenge to his criminal conviction and probation based upon admiralty jurisdiction rests on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Admiralty jurisdiction is limited to torts that take place on navigable waters and arise in the course of traditional maritime activities. *See, e.g., Petersen v. C & O Ry. Co.*, 784 F.2d 732, 736 (6th Cir. 1986). Moreover, similar claims based upon admiralty jurisdiction have been routinely stricken or dismissed by other courts as frivolous and legally unenforceable. *See, e.g., Smith v. Mpire Holdings, LLC*, 2010 WL 455271, at *2 (M.D. Tenn. Feb. 1, 2010) (unpublished decision) (collecting cases in which the courts dismissed filings based on admiralty jurisdiction as frivolous). Therefore, the Amended Complaint and the action will be dismissed as legally frivolous.

Mr. Matios is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996). Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this __24th__ day of __September__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01774-BNB

Eyoel Dawit Matios
668 South Oswego Court
Aurora, CO 80012

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/27/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk